**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――

**No. 12-4842**

―――――――――

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

     v.

MICHAEL LAMONT MOORE,

               Defendant - Appellant.

―――――――――

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., District Judge. (3:10-cr-00208-RJC-DSC-4)

―――――――――

Submitted: June 20, 2013          Decided: June 25, 2013

―――――――――

Before GREGORY, DUNCAN, and DAVIS, Circuit Judges.

―――――――――

Affirmed by unpublished per curiam opinion.

―――――――――

Lawrence W. Hewitt, GUTHRIE, DAVIS, HENDERSON & STATON, PLLC, Charlotte, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina; Robert John Gleason, John George Guise, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

―――――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Lamont Moore was convicted of conspiracy to obstruct, delay, and affect commerce, in violation of 18 U.S.C. § 1951 (date) (Count 1); obstruct, delay and affect commerce and aiding and abetting, in violation of § 1951 and 18 U.S.C. § 2 (date) (Count 2); and use and carry a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c) (date). Moore's underlying convictions resulted from his participation and planning of a robbery and his firing a gun at a police officer. He was sentenced to eighty-four months for Counts 1 and 2 to run concurrent to each other and 120 months consecutively for the § 924(c) violation, for a total sentence of 204 months of imprisonment.

On appeal, counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal, but raising two issues: (1) whether the trial court erred by denying Moore's motion for a variance sentence; and (2) whether there was sufficient evidence for the jury to convict Moore of using and carrying a firearm in furtherance of a crime of violence. For the reasons that follow, we affirm.

Moore argues that the district court should have granted him a downward variance because he suffered a head injury when he was a child. We review Moore's sentence under a

2

deferential abuse-of-discretion standard, see Gall v. United States, 552 U.S. 38, 51 (2007), for procedural and substantive reasonableness. Id.; United States v. Lynn, 592 F.3d 572, 575 (4th Cir. 2010). If a sentence is within the appropriate Sentencing Guidelines range, we presume that the sentence is reasonable. United States v. Mendoza-Mendoza, 597 F.3d 212, 217 (4th Cir. 2010).

We conclude that the district court committed neither procedural nor substantive error in sentencing. The court fully evaluated and resolved Moore's objection to the presentence report, accurately calculated and considered Moore's Guidelines range, heard argument from counsel for a downward variance and gave Moore an opportunity to address the court. The court expressly considered the 18 U.S.C. § 3553(a) (2006) factors, explained that the within-Guidelines sentence was warranted in light of the seriousness of the offense, and counsel does not offer any grounds to rebut the presumption on appeal that Moore's within-Guidelines sentence is substantively reasonable, and our review reveals none. Accordingly, we conclude that the district court did not abuse its discretion in sentencing Moore. Moreover, we note that Moore's argument that his prior head injury cognitively impaired him is not well taken in light of his role in the store robbery where he and his co-conspirator used masks and gloves, held a gun to the cashier's head, who was

3

a sixteen-year-old girl, and managed to initially elude police by, among other things, firing on an officer in pursuit. Whiling hiding from the police at his home, Moore divided up the money from the robbery with other participants.

In his second issue, Moore claims that his § 924(c) conviction was not supported by sufficient evidence and therefore the court should have granted his for a judgment of acquittal under Fed. R. Crim. P. 29. We review de novo the district court's denial of a Rule 29 motion. United States v. Penniegraft, 641 F.3d 566, 571 (4th Cir. 2011). We will uphold a conviction in the face of a challenge to the sufficiency of the evidence, if there is substantial evidence, taking the view most favorable to the Government, to support it. United States v. Abu Ali, 528 F.3d 210, 244 (4th Cir. 2008). In conducting this review, we will not weigh evidence or review witness credibility. United States v. Foster, 507 F.3d 233, 245 (4th Cir. 2007). Here, the evidence revealed that Moore possessed a gun that he fired at an officer while fleeing police after the robbery. That gun was also used in the robbery. Thus, this claim fails.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Moore's conviction and sentence. This court requires that counsel inform Moore, in writing, of the right to

petition the Supreme Court of the United States for further review. If Moore requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Moore. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED